# Alexander Levi, appellant, *vs.* John Thompson and others, appellees.

## *Appeal from Dubuque.*

The statute which subjects to execution, lands sold by the government, but not patented, is not contrary to the Organic Law.

As soon as any interest in lands passes from the United States to the purchaser, that interest becomes subject to local legislation, and like all other private property may be rendered liable to sale and execution.

This was a bill in chancery, filed by Alexander Levi, complainant, against John Thompson, James M. Emerson, Hanibal Emerson and John G. Shields, defendants, in the District Court of Dubuque county.

The complainant states that in 1837, he and the said John Thompson received a certificate of pre-emption to a town lot in Dubuque; that in 1840, he entered, in the name of himself and Thompson, said lot, and paid out of his own funds $6,80, and obtained the certificate of the receiver of the land office. That said Thompson, the joint owner of the said lot, did, on the 8th November, 1841, sell and convey some interest in the same, to the other defendants, &c. Complainant prays a partition of the premises, and that the defendants may account for the rents, &c.

To this bill the defendant, Thompson, pleaded, that the lot in question had been sold under an execution by virtue of a judgment in favor of Clifton & Campbell, against said Thompson & Levi, and that he, Thompson, had become the purchaser, and received the sheriff's deed. The other defendants answer that they were purchasers from Thompson, for a valuable consideration, without any suspicion that there was any outstanding interest.

The cause was heard at the May term 1843, before the Hon. Judge Wilson, and the court being sufficiently advised respecting the matters contained in the petition the plea and answer filed, adjudged the matters contained in the plea and answer to be a sufficient bar to the relief sought, and ordered that the bill be dismissed at the cost of the complainant.

The complainant appealed to this court.

Jno. V. Berry, for complainant.

Davis & Crawford, for defendants.

Per Curiam, Mason, Chief Justice—This is solely a question of legislative power. Lands sold by the government but not patented, are by our statute, subject to execution. For the complainant in this case it is contended, that laws granting such authority, come in collision with the prohibition in the organic act, that " no law shall be passed interfering with the primary disposal of the soil." Is any such interferance made by the law referred to?

The power of transferring to individuals, any interest in the public lands, is vested exclusively in Congress ; but after such interest has been created, it becomes subject to the control of local legislation, and like other private property, it may be rendered liable to sale on execution. This proposition is sufficiently broad to embrace all equitable interests. We think it clearly includes the interests which the purchaser of govern-

ment lands holds previous to issuing of the patent. The property sold would be merely the interest held by the defendant in execution, subject to all the rights of the government.

If Levi, therefore, acquired any interest in the premises in controversy, by virtue of the purchase from the government and the payment of the money, that interest was legitimately sold in pursuance of our statute. If he acquired none, what right has he to come into court and ask the relief there sought in relation to those very premises? So far as we are informed by the pleadings in the case, no patent has yet been issued; no new or further title has been created.

The effect of our statute, is not the creation of a title in opposition to the government, but the disposition of any interest previously acquired by individuals. The law is therefore in strict compatability with the rule laid down in the case of Bagnell, et al. vs. Broderick 13. Peters, 436. Nor does it conflict with the decision in the case of Wilcox vs. Jackson, 13. Peters 498. The power of the legislature to declare the receivers receipt of equal validity with a patent, is not alluded to in this act. In the case last quoted, the suit was virtually brought to eject the United States from their own lands. The holder of the inchoate title, was indeavoring to dispossess the holder of the perfect title. Doubtless local legislation is limited in a case of that description. A law of that nature, to have such an effect, would be palpably interfering with the primary disposal of the soil. Congress can alone decide what shall constitute a transfer of the perfect title from the United States. Our legislature has control of any interest legal or equitable, as soon as it becomes vested in the citizen.

We shall not enquire whether the sheriff's deed is in due form or was executed at the proper time. Those questions, at all events cannot be raised by the present complainant in this manner.

Judgment below affirmed.